# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

IN RE:                                         CIVIL ACTION NO.

**SECURITY FIRST, LLC**                          **19-660-SDD-EWD**

## NOTICE AND ORDER

This is an action for dissolution and liquidation of Security First, LLC ("Security First"), which is a limited liability company comprised of two members, Robert Talbot ("Talbot") and Joanna Koong ("Koong").[1]  On August 27, 2019, Talbot filed a Petition for Judicial Dissolution and Liquidation ("Petition") of Security First[2] in the Twenty-Third Judicial District Court for the Parish of Ascension.  In the Petition, Talbot seeks dissolution of Security First pursuant to La. R.S. § 12:1335 because the members "are at a deadlock in the management of Security First," and because Koong: "has committed multiple violations of the Operating Agreement…including…repeatedly issued checks in amounts greater than $10,000.00 without joint agreement and signature of [Talbot]; [made] improper income distributions to non-members; has refused to provide access to all books and records of Security First to [Talbot]; and transferred membership interests in violation of the employment contract with [Talbot]."[3]

On October 1, 2019, Koong removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

5.

---

[1] R. Doc. 1, ¶¶ 1, 5.
[2] R. Doc. 1-1.  Talbot named Security First as Defendant. *See id* at ¶ 1.
[3] R. Doc. 1-1, ¶¶ 7-8.
[4] R. Doc. 1, ¶ 9.

> Ms. Koong recognizes that for the purposes of diversity jurisdiction, the membership of a limited liability company is determined by the citizenship of its members. *See Greenville Imaging, LLC v. Wash. Hosp. Corp.,* 326 F. App'x 797, 798 (5th Cir. 2009). As such, the Company, in an "ordinary" diversity proceeding, is a citizen of the State of Texas and the State of Louisiana. Ms. Koong respectfully represents that she is a domiciliary of the State of Texas. Mr. Talbot represents in his Petition that he is a domiciliary of the State of Louisiana. Thus, on the face of the pleadings it is arguable that diversity of citizenship  may be lacking as the Company and Mr. Talbot are citizens of the State of Louisiana.

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court.  It is not clear from the Notice of Removal that the Court has diversity jurisdiction because it does not appear that the parties are diverse or that the amount in controversy is met.

*Diversity of Citizenship*

As set forth above, it is not facially apparent from the Notice of Removal that the parties are diverse because Talbot, the "Petitioner" in the state court action, and Security First, the "Defendant" limited liability company of which Talbot is a member, are both citizens of Louisiana.[5]  Removing party Koong argues that the citizenship of Security First should be disregarded because Talbot seeks no relief against Security First aside from dissolution, and Security First has "no interest in this case," rendering it a "nominal party" whose citizenship can be disregarded, *citing Ouber v. JPMorgan Chase Bank, Nat'l Ass'n*.[6]  In particular, Koong further argues that she is mischaracterized as a "Petitioner" in the state court Petition.  Koong avers that she is actually a Defendant because "the real issues in dispute implicate the conduct of Mr. Talbot

---

[5] R. Doc. 1, ¶ 5; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a limited liability company is determined by the citizenship of all of its members).  Security First takes the citizenship of both Koong and Talbot, *i.e.*, Texas and Louisiana

[6] R. Doc. 1, ¶¶ 4, 6-8, *citing* No. 15-100, 2015 WL 5138494 (M.D. La. Aug. 28, 2015).

and Ms. Koong and not the conduct of the Company."[7]  According to Koong, a Texas citizen, only she, Talbot, and a third party Massachusetts citizen (who has yet to be joined) have a real interest in this case, and they are diverse from each other.[8]

It is not clear from the foregoing that Security First is a nominal party whose citizenship can be disregarded.  Both the Petition and Notice of Removal indicate that Security First, a separate juridical entity under Louisiana law,[9] owns assets/property (at least some of which is in Louisiana);[10] therefore, contrary to Koong's representations, Security First may have an interest in these dissolution proceedings. The *Oubre* decision does not support Koong's position that Security First is a nominal party whose citizenship should be disregarded because the *Oubre* decision did not reach that issue as to the party alleged to be "nominal" in that case.[11]  In contrast, the Court's research has revealed authority that appears to contradict Koong's argument.[12] Accordingly, Koong is ordered to file a memorandum that presents argument and evidence in support of Koong's contention that Security First is a nominal party whose citizenship may be

---

[7] R. Doc. 1, ¶¶ 2, 4, 7.

[8] R. Doc. 1, ¶¶ 5, 7 and n. 7 (referencing "Mr. Wang" as an alleged necessary party having an interest in this case who is domiciled in Massachusetts).

[9] *Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.,* No. 18-01606, 2019 WL 3251379, at **3-4 (W.D. La. June 14, 2019), *report and recommendation adopted,* No. 18-01606, 2019 WL 3242425 (W.D. La. July 17, 2019) *citing Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So.3d 888, 894–95 (citations and footnotes omitted.)

[10] *See* R. Doc. 1, ¶ 9 (alleging that the company has asserts valued substantially in excess of $75,000) and R. Doc. 1-1, ¶ 3 (alleging that all property "owned" by Security First is located in Louisiana).

[11] 2015 WL 5138494, *6 ("Because Chase has not demonstrated that the amount in controversy requirement is satisfied, the court need not decide whether the Sheriff's role in the instant foreclosure sale was ministerial and, therefore, whether the Sheriff is a nominal party in this action.")  In *Oubre*, the Court also had federal question jurisdiction. *Id.* at *3.

[12] *See S. Louisiana Ethanol, LLC v. CHS-SLE Land, LLC,* No. 11-1074, 2012 WL 208828, at *2 (E.D. La. Jan. 23, 2012) ("On the face of the complaint the parties are not of diverse citizenship because SLE and CHS–SLE are both Louisiana citizens for diversity purposes. However, CHS contends that because this suit is one to dissolve CHS–SLE, its stands as a mere nominal party whose citizenship can be ignored pursuant to *Wolff v. Wolff,* 768 F.2d 642 (5th Cir.1985)….Under the facts of this case the Court is not persuaded that CHS–SLE is a nominal party. The LLC owns the land at issue because the land is titled in the name of the LLC. The relief sought via the adversary proceeding will eviscerate the LLC and divest it of its ownership of the property. Even though the LLC owns the property at issue for the members, an LLC is not the equivalent of a mere depositary or stakeholder. Under Louisiana law the LLC is a juridical person with a separate legal existence from the members who comprise the entity. It is the two diverse members who are at odds with each other but these parties are not liable to each other and neither has title to the land owned by the LLC. CHS–SLE is a real party in interest to this controversy notwithstanding that the entity will be a passive party in the case.")

disregarded. As an alternative, Koong may file a Motion to Withdraw her Notice of Removal, which will result in remand,[13] in light of the authority that appears to refute Koong's argument.

*Amount in Controversy*

It is also not clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of the amount in controversy, the Notice of Removal alleges as follows:

> The Company has assets valued substantially in excess of $75,000.00; thus, by a preponderance of the evidence, the amount in controversy – that is, the amount subject to dissolution – exceeds the threshold requirement. *See* 28 U.S.C. § 1332. Accordingly, this lawsuit is properly removable to this Court. *See* 28 U.S.C. §§ 1441, 1446 (action removable based on diversity jurisdiction if preponderance of evidence demonstrates that amount in controversy exceeds jurisdictional threshold). Mr. Talbot has offered to Ms. Koong in settlement $410,000.00 for her "half" of the membership of the Company, **and her "half" of the membership in separate company which owns immovable property**. See Exhibit 5. It is respectfully submitted that the value of the Company comprises the majority of the $410,000.00 amount. "Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012), citing *Rising–Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir.2006).[14]

However, the forgoing, and Talbot's offer letter referenced therein and submitted with the Notice of Removal, do not adequately establish that the amount in controversy is met with respect to Security First's dissolution. While Talbot's offer letter reflects an offer of $410,000, it was conditioned upon a buy-out of Koong's interest in *two* companies, Security First and Ascension

---

[13] Costs and expenses may be awarded under 28 U.S.C. § 1447(c) if Koong elects not to withdraw the Notice of Removal and Talbot files a motion to remand that is successful. *See, e.g., Johnson v. Beale,* No. 18-961-BAJ-EWD, 2019 WL 2150399, at *7 (M.D. La. Apr. 24, 2019), *report and recommendation adopted,* No. 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 16, 2019) (awarding costs and fees for improper remand pursuant to 28 U.S.C. § 1447(c)).

[14] *See* R. Doc. 1, ¶ 9 (emphasis added). *See also* R. Doc. 1-5 ($410,000 offer of settlement by Talbot's counsel for Koong's interest in two companies, including Security First).

RV and Boat Storage, LLC.[15]  There is no evidence that reflects the respective value of either company, and therefore, it is unclear if the value of the proposed settlement of Koong's interest in Security First alone exceeds the requisite jurisdictional threshold.  Other than the offer letter, the only other evidence presented regarding the amount in controversy are Koong's self-serving allegations that the value of Security First "comprises the majority of the $410,000 amount," and that Security First "has assets valued substantially in excess of $75,000.00."[16]  However, Koong has not offered any independent evidence to substantiate these claims, which, standing alone, do not establish that the amount in controversy is met.[17]

Although a Motion to Remand has not been filed, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[18]

Accordingly,

**IT IS ORDERED** that, on or before **October 16, 2019**, removing party Joanna Koong shall file a memorandum regarding subject matter jurisdiction, which specifically presents argument and evidence in support of Koong's contention that Security First, LLC is a nominal party whose citizenship may be disregarded, and also presents evidence and argument in support of the amount in controversy.  Alternatively, on or before **October 16, 2019**, Koong shall file a Motion to Withdraw the Notice of Removal.

---

[15] R. Doc. 1-5.
[16] R. Doc. 1, ¶ 9.
[17] *See, e.g., Ouber,* 2015 WL 5138494 at *4 (amount in controversy not facially apparent and defendant failed to meet its burden of establishing that the amount in controversy was met due to lack of information regarding the value of the subject foreclosed property and the plaintiff homeowner's equity in it).
[18] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED** that, if Joanna Koong elects to proceed with removal, Plaintiff Richard Talbot may file a Motion to Remand by no later than **October 28, 2019**.

Signed in Baton Rouge, Louisiana, on October 3, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**