# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                              CIVIL ACTION

SECURITY FIRST, LLC                                    NO. 19-660-SDD-SDJ

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 26, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CIVIL ACTION |
| SECURITY FIRST, LLC | NO. 19-660-SDD-SDJ |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two motions by Plaintiff Robert Talbot to remand the cases in this consolidated matter to the 23rd Judicial District Court ("JDC") for the Parish of Ascension, State of Louisiana. (19-cv-660, R. Doc. 5 and 19-cv-661, R. Doc. 3).[1] These Motions are opposed by Joanna Koong, the removing party. (19-cv-660, R. Doc. 8 and 19-cv-661, R. Doc. 4). No Replies have been filed.

For the reasons that follow, it is recommended that Plaintiff's Motions to Remand be **granted**, and that the cases in this consolidated matter should be **remanded** to the 23rd JDC for the Parish of Ascension, State of Louisiana. The Court addresses each Motion to Remand in turn.

**I.    MOTION TO REMAND IN *IN RE: SECURITY FIRST, LLC*, 19-cv-660**

    **A.    FACTUAL AND PROCEDURAL BACKGROUND**

This is an action for dissolution and liquidation of Security First, LLC ("Security First"), which is a limited liability company comprising two members, Robert Talbot ("Talbot") and Joanna Koong ("Koong").[2] On August 27, 2019, Talbot filed a Petition for Judicial Dissolution and Liquidation ("Petition") of Security First pursuant to La. R.S. § 12:1335 in the 23rd JDC.[3] Per

---

[1] This case has been consolidated with *In re: Ascension RV & Boat Storage, LLC*, Civil Action No. 19-cv-661, a suit filed by Plaintiff Robert Talbot for dissolution of another LLC, Ascension RV & Boat Storage, in which he and Joanna Koong again were the only members. *See* Order of Consolidation (R. Doc. 9). Following removal of that case to this Court by Koong, Talbot filed a similar motion to remand (R. Doc. 3 in No. 19-cv-661). After consolidation of the two cases, *In re: Security First, LLC*, 19-cv-660 was made the lead case.
[2] R. Doc. 1, p. 1 ¶ 1.
[3] R. Doc. 1-1. Talbot named Security First as Defendant. *See id* at p. 1 ¶ 1.

Talbot, the reason for seeking dissolution of Security First is that the members "are at a deadlock in the management of Security First" and that Koong "has committed multiple violations of the Operating Agreement," some of which violations he enumerates.[4]

On October 1, 2019, Koong removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Koong, in her Notice of Removal, makes the following allegations regarding the citizenship of the parties:

> Ms. Koong recognizes that for the purposes of diversity jurisdiction, the membership of a limited liability company is determined by the citizenship of its members. *See Greenville Imaging, LLC v. Wash. Hosp. Corp.,* 326 F. App'x 797, 798 (5th Cir. 2009). As such, the Company, in an "ordinary" diversity proceeding, is a citizen of the State of Texas and the State of Louisiana. Ms. Koong respectfully represents that she is a domiciliary of the State of Texas. Mr. Talbot represents in his Petition that he is a domiciliary of the State of Louisiana. Thus, on the face of the pleadings it is arguable that diversity of citizenship may be lacking as the Company and Mr. Talbot are citizens of the State of Louisiana.[6]

However, Koong claims that Security First is a "nominal party," and as such, its citizenship should be disregarded.[7] The Parties, therefore, are completely diverse for the purposes of § 1332.[8]

Based on this representation, this Court, finding that it was not facially apparent from Koong's Notice of Removal that the parties are diverse, *sua sponte* ordered Koong to file a memorandum regarding the subject matter jurisdiction of this Court, "which specifically presents argument and evidence in support of Koong's contention that Security First, LLC, is a nominal party whose citizenship may be disregarded, and also presents evidence and argument in support

---

[4] R. Doc. 1-1, pp. 1-2 ¶¶ 7-8.
[5] R. Doc. 1, p. 4 ¶ 9.
[6] R. Doc. 1, p. 2 ¶ 5.
[7] R. Doc. 1, pp. 3-4 ¶ 7.
[8] R. Doc. 1, pp. 3-4 ¶¶ 6-7.

of the amount in controversy."[9]  Koong complied, filing a Memorandum in Support of Removal on October 16, 2019.[10]  Talbot, who asserts that Security First is not a nominal party, subsequently filed the instant Motion to Remand based on the lack of diversity among the parties on October 28, 2019.[11]  In addition to seeking remand, Talbot also seeks an award of costs and expenses, including attorney's fees, incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c).[12]  Koong opposes Talbot's request for remand.[13]

### B.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal

---

[9] R. Doc. 3, p. 5.  This Court also provided Koong with the alternative option of filing a Motion to Withdraw the Notice of Removal. *Id.*  If Koong proceeded with removal, Talbot could file a Motion to Remand. *Id.* at 6.  Both Talbot and Koong complied with the filing deadlines set forth by this Court in its Order.
[10] R. Doc. 4.
[11] R. Doc. 5.
[12] R. Doc. 5, pp. 1-2 ¶ 4.
[13] R. Doc. 8.

jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### 1. Arguments of the Parties

As set forth above, this Court previously found that it is not facially apparent from the Notice of Removal that the parties are diverse. Talbot, the "Petitioner" in the state court action, and Security First, the "Defendant" limited liability company of which Talbot is a member, are both citizens of Louisiana.[14] Removing party Koong argues that the citizenship of Security First should be disregarded because the only parties whose interests are "divergent," *i.e.* Talbot and Koong, are citizens of different states.[15] Per Koong, "the real issues in dispute implicate the conduct of Mr. Talbot and Ms. Koong and not the conduct of the Company."[16] Koong further asserts that Talbot seeks no relief against Security First aside from dissolution, and Security First has "no interest in this case," rendering it a "nominal party" whose citizenship can be disregarded.[17] As such, only Koong, Talbot, and a third party Massachusetts citizen (who has yet to be joined) have a real interest in this case, and they all are diverse from each other.[18]

Talbot, on the other hand, argues that Security First is not a nominal party.[19] Per Talbot, in the present matter, "Security First is the veritable 'star of the show' as the entire suit has been brought to dissolve and wind down this company."[20] Talbot points out that the only party

---

[14] R. Doc. 1, p. 2 ¶ 5; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (the citizenship of a limited liability company is determined by the citizenship of all of its members). Security First takes the citizenship of both Koong and Talbot, *i.e.*, Texas and Louisiana.
[15] R. Doc. 4, p. 5.
[16] R. Doc. 1, p. 2 ¶ 4.
[17] R. Doc. 1, pp. 3-4 ¶¶ 6-8 (Emphasis in original).
[18] R. Doc. 1, p. 3 ¶ 7 and n. 7 (referencing "Mr. Wang" as an alleged "interested" party, who is domiciled in Massachusetts, as having an interest in this case).
[19] R. Doc. 5-1, pp. 2, 3.
[20] R. Doc. 5-1, p. 3.

mentioned in the caption of this litigation is Security First and asserts that "[a]ny potential claims one member may have against the other is a secondary issue to the dissolution and liquidation of the Company and arguably is more fit for a wholly separate suit."[21]

### 2. Diversity of Citizenship

"In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (citations omitted). However, the citizenship of a nominal party with no real interest in the dispute may be disregarded. *La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006) (citation omitted). Thus, the question before this Court is whether Security First is a nominal party to this litigation.

Whether a party is formal or "nominal" for removal purposes depends on "whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Union Oil*, 458 F.3d at 366-67 (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)). "An alternate articulation of the test is whether or not a named party's 'role in the law suit is that of a despositary or stakeholder'." *Id.* at 367 (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)). The Court takes practical considerations into account in making this determination. *Id.* (citations omitted).

In determining whether, in this suit to dissolve and liquidate Security First, Security First itself is a nominal party, the Court is guided by the Eastern District of Louisiana's analysis in *South Louisiana Ethanol, LLC v. CHS-SLE Land, LLC*, No. 11-1074, 2012 WL 208828 (E.D. La. Jan.

---

[21] *Id.*

23, 2012). In that case, a suit for judicial dissolution of CHS-SLE Land, an LLC, pursuant to La. R.S. § 12:1335, the court, in the context of diversity jurisdiction, examined whether the non-diverse LLC was a nominal party to the dispute such that its citizenship could be disregarded in determining jurisdiction. In *South Louisiana Ethanol*, the LLC being dissolved owned a tract of land as its sole asset. *Id.* at *2. Because the LLC owned property and because its dissolution was the subject of the litigation, the court found it was not a nominal party, reasoning:

> Under the facts of this case the Court is not persuaded that CHS-SLE is a nominal party. The LLC owns the land at issue because the land is titled in the name of the LLC. The relief sought via the adversary proceeding will eviscerate the LLC and divest it of its ownership of the property. Even though the LLC owns the property at issue for the members, an LLC is not the equivalent of a mere depositary or stakeholder. Under Louisiana law the LLC is a juridical person with a separate legal existence from the members who comprise the entity. It is the two diverse members who are at odds with each other but these parties are not liable to each other and neither has title to the land owned by the LLC. CHS-SLE is a real party in interest to this controversy notwithstanding that the entity will be a passive party in the case.

*Id.*

In the instant matter, both the Petition and Notice of Removal indicate that Security First, a separate juridical entity under Louisiana law,[22] owns assets/property, all of which allegedly is located in Louisiana.[23] Further, the litigation at hand, as in *South Louisiana Ethanol*, is for dissolution of Security First, during which the LLC will be "eviscerate[d]" and divested of its ownership of all property. While Talbot and Koong are the parties at odds with each other, nothing in the Petition, or elsewhere, indicates that these two parties are liable to each other and/or that

---

[22] *Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc.,* No. 18-1606, 2019 WL 3251379, at **3-4 (W.D. La. June 14, 2019), *report and recommendation adopted,* No. 18-1606, 2019 WL 3242425 (W.D. La. July 17, 2019) citing *Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So.3d 888, 894–95 (citations and footnotes omitted).
[23] *See* R. Doc. 1, p. 4 ¶ 9 (alleging that the company has asserts valued substantially in excess of $75,000) and R. Doc. 1-1, p. 1 ¶ 3 (alleging that all property "owned" by Security First is located in Louisiana).

either has title to the property owned by Security First. As such, under the reasoning of *South Louisiana Ethanol*, Security First is not a nominal party to this litigation.

In support of her argument for the nominal status of Security First, Koong extensively cites to the Fifth Circuit's decision in *Wolff v. Wolff*, 768 F.2d 642 (5th Cir. 1985). In *Wolff*, two brothers, one a Texas citizen and one a New Jersey citizen, had filed a prior suit to dissolve their partnership. *Id.* at 644. One of the brothers subsequently filed this diversity action seeking an accounting and declaration that he owned a half interest in certain real estate, title to which was held by the other brother. *Id.* Although the partnership allegedly had been dissolved in a prior proceeding, the partnership had been joined in this litigation as a plaintiff. *Id.* at 645. In finding that the partnership was a nominal party and that the "real parties in interest"—the brothers—were diverse, the Fifth Circuit noted that "transfer of the title to the partnership would have been a formal and doubtless unnecessary act, requiring the partnership in dissolution to convey the real estate in turn to the partners." *Id.* at 646.

As argued by Koong, *Wolff* stands for the proposition that it is irrelevant that title to the property there at issue was held by the former partner rather than the partnership, claiming it is a distinction "without a difference."[24] While acknowledging that the complaint did not seek a transfer of title, Koong reiterates the Fifth Circuit's finding that "transfer of the title to the partnership would have been a formal and doubtless unnecessary act."[25] Per Koong, "[t]he *Wolff* court was unequivocally stating that, if the property was titled in the name of the partnership, <u>diversity would still exist due to the nominal citizenship of the partnership</u>."[26] This is incorrect.

---

[24] R. Doc. 4, p. 8.
[25] R. Doc. 4, pp. 8-9 (citing *Wolff*, 768 F.2d at 646).
[26] R. Doc. 4, p. 9 (Emphasis in original).

In *Wolff*, unlike in the instant matter, title to the property at issue was in the diverse partner's name, not in the name of the partnership, and dissolution of the partnership allegedly already had occurred via a prior state lawsuit. The Fifth Circuit, in *Wolff*, is not suggesting that all named LLC's or other corporate entities are always nominal parties in suits related to their dissolution. Rather, this Court interprets the Fifth Circuit's holding to pertain to the specific facts of that case—*i.e.*, that when a former partnership is named in a suit to determine whether one former partner has an interest in property held by another former partner, title to which property is not held by the former partnership, said former partnership is a nominal party. As such, this Court does not find *Wolff* applicable to the facts of the instant case.

Similarly, the court in *South Louisiana Ethanol*, recognizing that "an LLC is not necessarily going to be a real party in interest under every set of facts," found that the holding in *Wolff* was inapposite to its case. 2012 WL 208828, at*3. In distinguishing *Wolff*, the *South Louisiana Ethanol* court explained:

> The plaintiff had not joined the partnership as a defendant. The Fifth Circuit concluded that even if it had been necessary to add the partnership as a defendant, its citizenship would be ignored for diversity purposes because it was not a real party in interest. But the land at issue was titled in the diverse partner's name, not in the name of the partnership. And dissolution in that case had purportedly already occurred due to a prior state court lawsuit  Under the *Wolff* facts it is easy to see why the partnership entity, assuming that it even continued to exist, was found to be a nominal party in what was really a dispute between the two partners. But *Wolff* does not stand for the broad proposition that in an action to dissolve an LLC the citizenship of the LLC is ignored for diversity purposes.

*Id*. This Court agrees.

In support of her argument that Security First is a nominal party here, Koong also cites to a recent case, again from the Eastern District of Louisiana—*Paddison v. Paddison*, No. 19-2109, 2019 WL 1616577 (E.D. La. Apr. 16, 2019). In *Paddison*, plaintiff D. Paddison and defendant R. Paddison are diverse siblings and the sole members of a non-diverse LLC also named as a

defendant. *Id.* at *1. In his suit, which was filed in state court and removed to the Eastern District, D. Pattison sought injunctive relief against R. Paddison. *Id.* While the LLC also is named as a defendant, R. Paddison asserts it previously had been dissolved pursuant to its Operating Agreement.[27] *Id.* The *Paddison* court noted that the petition at issue alleges R. Paddison breached his fiduciary duty to the LLC but does not seek relief from the LLC. *Id.* at *4. Citing the holding in *Wolff*, the court similarly found that the LLC "was joined solely for the purpose of performing ministerial duties and that it is not a real party in interest to the controversy," so its citizenship would not be considered. *Id.*

Koong argues that here, as in *Wolff* and *Paddison*, Security First, the LLC, was joined solely to perform ministerial duties and, therefore, is not a real party in interest.[28] Further, Koong claims that *Paddison* "is more on point" than *South Louisiana Ethanol* because it too involves an LLC where breach of a fiduciary duty is alleged; the allegations of wrongdoing are leveled against the other member, not the company itself.[29] This argument ignores the fact that the underlying litigation in *Paddison* is a suit for injunctive relief from the other LLC member only; it is not, as here, a suit for dissolution and liquidation of the LLC itself. The extinguishment of Security First and liquidation and distribution of all of its property are the sole focus of the instant litigation. Thus, contrary to Koong's argument that that title to Security First property is not an issue or practical consideration in the instant matter,[30] an assertion wholly without merit, title of Security First's property is very much an issue here, as liquidation and distribution of same is the purpose of this litigation.[31]

---

[27] Additionally, a suit to dissolve the LLC previously was filed in Idaho state court, although the Idaho Secretary of State's Office still listed the LLC as an active, existing LLC as of April 5, 2019. 2019 WL 1616577 at *3.
[28] R. Doc. 4, p. 10.
[29] *Id.*
[30] *Id.*
[31] The Court notes that Koong makes an additional argument that a company is a mere stakeholder in a dissolution proceeding because, upon dissolution, the members are left to wind up the company's affairs. R. Doc. 4, p. 11. Koong

Here, this Court "must balance the real party exception to complete diversity against the well-settled principle that federal courts are courts of limited jurisdiction and have no authority to create jurisdictional law of their own." *South La. Ethanol*, 2012 WL 208828, at *3 (citing *Point Landing, Inc. v. Omni Capital Int'l, Ltd.,* 795 F.2d 415, 423 (5th Cir.1986)). And any doubts regarding the propriety of removal jurisdiction are resolved against federal jurisdiction. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Finding the holding *South Louisiana Ethanol* persuasive here, the Court finds that Security First is not a nominal party to this litigation. As such, the parties are not completely diverse, and this Court lacks jurisdiction under 28 U.S.C. § 1332. This case must be remanded to state court. Given this determination, this Court need not determine whether the judicial amount in controversy has been met.

### 3.    Attorney's Fees and Expenses

In his Motion to Remand, Talbot also moves for imposition of his costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c).[32] There is no automatic entitlement to an award of attorney's fees under § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," makes such an award discretionary. *Id.*

In *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005), the U.S. Supreme Court set forth the standard for awarding expenses and fees under § 1447(c):

---

then posits that a "liquidator" or "receiver" who is responsible for winding up a company's affairs is essentially a trustee. *Id.* at 12. Per Koong, trustees have legal title to the property, whereas trust beneficiaries do not and are, therefore, parties whose citizenship is not given "preference." *Id.* Thus, per Koong, the citizenship of the liquidator rather than the members of the dissolved, non-existent company should be considered. *Id.* Further, Koong argues that because corporations in derivative suits are considered nominal parties, they should be considered so here. *Id.* at 12-13. However, in light of guiding case law on point with the instant matter, the Court declines to address further these arguments, which the Court finds creative, yet unpersuasive.
[32] R. Doc. 5, pp. 1-2 ¶ 4.

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141 (internal citations omitted). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997).

While Talbot moves for an award of costs and attorney's fees under § 1447(c), he provides no analysis of why he is entitled to such an award, other than to reference "the concerns and case law raised *sua sponte*" by this Court.[33] As previously stated, an award under § 1447(c) requires a showing that, at the time of removal, the defendants lacked an objectively reasonable basis for seeking removal. *Glover v. DG La., LLC*, No. 14-151, 2014 WL 3513394, at *5 (M.D. La. Jul. 15, 2014). Although removal here was not proper, a finding that Koong lacked an objectively reasonable basis for removal is not warranted. Given the paucity of case law on the particular issue here, it is not a well-analyzed area of law in this Circuit. And while Koong's interpretations of the relevant cases differed from the Court's, they were not implausible. Because the Court here cannot say that Koong lacked any objectively reasonable basis for removal, Talbot's request for an award of expenses and costs incurred in connection with removal should be denied.

---

[33] R. Doc. 5-1, p. 6.

## II. MOTION TO REMAND IN *IN RE: ASCENSION RV & BOAT STORAGE, LLC*, 19-cv-661

In *In re: Ascension RV & Boat Storage, LLC*, Talbot also filed a Petition for Judicial Dissolution and Liquidation in the 23rd JDC with regard to another limited liability company of which he and Koong were the only members, Ascension RV & Boat Storage, LLC.[34] On October 1, 2019, Koong also removed the matter to this Court, again asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332,[35] with Talbot subsequently filing a Motion to Remand.[36] The facts, pleadings, and jurisdictional issues in this case are almost identical to those of *In re: Security First, LLC*, 19-cv-660.[37]

For the same reasons as set forth above, this Court finds that Ascension RV & Boat Storage, LLC is not a nominal party to an action for its liquidation and dissolution. As such, there is not complete diversity of the parties, and this Court lacks jurisdiction under 28 U.S.C. § 1332. Similarly, the Court finds that an award of expenses and attorney's fees to Plaintiff under § 1447(c), which Plaintiff also sought in conjunction with this Motion to Remand,[38] is not here warranted.

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motions to Remand (19-cv-660, R. Doc. 5 and 19-cv-661, R. Doc. 3) be **GRANTED** and the cases in this consolidated matter be **REMANDED** to the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana for further proceedings.

---

[34] R. Doc. 1, p. 1 ¶ 1.
[35] R. Doc. 1, p. 4 ¶ 9.
[36] R. Doc. 3.
[37] Koong herself acknowledges this, stating in her opposition to Talbot's Motion to Remand that "[t]he jurisdictional issue and pertinent facts are essentially the same in both cases." R. Doc. 4, p. 1. She later concedes: "If the Security First Matter is remanded, Ms. Koong will consent to the remand of his case without further burdening the Court." *Id.* at 2.
[38] R. Doc. 3, p. 1 ¶ 4.

**IT IS FURTHER RECOMMENDED** that Plaintiff's requests for costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c), made in both Motions to Remand (19-cv-660, R. Doc. 5 and 19-cv-661, R. Doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 26, 2020.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**